IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIL HUDSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE FEDERAL BUREAU OF INVESTIGATIONS, et al.,<br><br>　　　　Defendants. | No. C 04-4079-MJJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOOT** |

**INTRODUCTION**

Defendants move the Court to dismiss the present action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction due to mootness. For the following reasons, the Court **DENIES** Defendants' motion.

**BACKGROUND**

This case involves Plaintiff Darril Hudson's request for various documents from the FBI and the Army made under the Freedom of Information Act ("FOIA"). (Plaintiff's Complaint ("Compl.") at Ex. A.) The FBI released some of the requested information and documents to Plaintiff, but redacted and withheld others, relying on exemptions contained in both the FOIA and the Privacy Act ("PA"). (Compl. at Ex. D.) Plaintiff appealed the denial of information to the Department of Army ("Army"), Office of General Counsel. (Compl. at Ex. G.) The Army denied Plaintiff's appeal.

1  (Compl. at Ex. H.)  In its May 11, 2004 letter of denial, the Army stated:

> This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of Army to consider appeals under the FOIA and the PA. You may, if you so desire, seek judicial review of this determination in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B), and the PA, 5 U.S.C. § 552a(g)(1).

(Compl. at Ex. H.)  According to the Army's letter, Plaintiff had exhausted all of his administrative remedies under both the FOIA and the PA.

Plaintiff sought judicial review of the Army's final administrative decision in this Court under both the FOIA and the PA.  (Compl. at ¶ 1.)  Defendants filed two motions for summary judgment relating to Plaintiff's FOIA claims, both of which the Court granted in part and denied in part.  The Court's second summary judgment order left only one of Defendants' claimed FOIA exemptions at issue.  Defendants have since decided to withdraw the remaining FOIA exemption and to release the requested information to Plaintiff.  (Defendants' Motion to Dismiss ("Mot. to Dismiss") at 2:19–21; Third Declaration of David M. Hardy in Support of Mot. to Dismiss at ¶ 4.)

## LEGAL STANDARD

A case where no actual case or controversy exists is moot, and the federal courts have no jurisdiction to hear such a case.  *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999).  The central issue in any mootness challenge is whether there have been changes since the time the action was filed that forestall any effective or meaningful relief.  *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000).  "If there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."  *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

## ANALYSIS

Defendants argue that the Complaint should be dismissed because the FBI has released to Plaintiff "the only information that remained in controversy in this case.  All of the other issues in this case have been resolved by the Court in its two summary judgment orders."  (Mot. to Dismiss at 3.)  Defendants are incorrect.  The Court has resolved Plaintiff's *FOIA claims* on summary judgment, but as Plaintiff correctly points out, Plaintiff's *Privacy Act claims* have not yet been

2

adjudicated.

A valid FOIA exemption does not grant automatic exemption from the provisions of the Privacy Act. Section 552a(t)(1) of the Privacy Act makes this clear: "No agency shall rely on any exemption contained in section 552 of this title [FOIA] to withhold from an individual any record which is otherwise accessible to such individual under the provisions of this section." 5 U.S.C. § 552a(t)(1). Thus, despite the existence of a valid exemption under the FOIA, the Court must also determine whether disclosure is available under the Privacy Act. *May v. Dep't of Air Force*, 777 F.2d 1012, 1015 (5th Cir. 1985) (citing to former Section 552a(q)). Accordingly, the Court declines to dismiss Plaintiff's complaint because there is still a possibility that he can obtain relief for his Privacy Act claims.

Defendants argue that the action should be dismissed because Plaintiff has failed to exhaust his administrative remedies with respect to his Privacy Act claims. This argument is also without merit. Although Plaintiff did not initially request the information under the Privacy Act, the Army's responses and final decision were based on both the FOIA and the Privacy Act. The Army's May 11, 2004 letter to Plaintiff explicitly informed him that he could seek judicial review of the Army's final denial of information under the FOIA *and* the Privacy Act.[1] Plaintiff simply followed the Army's specific instructions by filing the present action with the Court.

---

[1] This fact makes *Pollack v. United States Department of Justice*, which Defendants cite in their reply brief, inapplicable to the present case. 49 F.3d 115 (4th Cir. 1995). *Pollack* involved a plaintiff who brought an enforcement action after the government failed to respond to his requests for records in a timely manner. *Id*. at 117. The government argued that the plaintiff had failed to exhaust his administrative remedies before bringing his enforcement action. *Id*. at 118. The court concluded that because the government had failed to respond to the plaintiff's FOIA request in a timely manner, the plaintiff was entitled to bring an enforcement action under the FOIA's "constructive exhaustion" provision. *Id*. at 117 n.1, 118 (citing 5 U.S.C. § 552(a)(6)(C)). However, the court refused to waive the exhaustion requirement for the plaintiff's Privacy Act claims because the Privacy Act contains no equivalent to FOIA's "constructive exhaustion" provision. *Id*. at 117 n.1.

Unlike *Pollack*, the Army's May 11th letter explicitly states that Plaintiff has actually exhausted his administrative remedies under the Privacy Act. Thus, the fact that the Privacy Act contains no "constructive exhaustion" provision has no bearing on the present case.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4